### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ETHICAL HUNTING, LLC,
AN ILLINOIS LIMITED LIABILITY COMPANY,

        Plaintiff,

    v.

Bayou Laser Engraving, LLC ,
A LOUISIANA LIMITED LIABILITY COMPANY,

Sudie Lou d/b/a Harplynn Junkie,
A TENNESSEE RESIDENT,

Katherine Johnson d/b/a KatieCompany and Katie,
A WISCONSIN RESIDENT,

Ashley Lenzi Farris d/b/a aMixOfFun,
AN TEXAS RESIDENT,

Amy Kleist d/b/a KleistBoards,
AN INDIANA RESIDENT,

Carrie Surratt d/b/a Mezoozah,
AN TEXAS RESIDENT,

Wooden Signs Company, LLC,
A SOUTH CAROLINA LIMITED LIABILITY COMPANY,

        Defendants.

**Trial by Jury Demanded**

Case No. 15-CV-10188

## COMPLAINT

Plaintiff, Ethical Hunting, LLC, by its attorneys, hereby complains as follows:

## The Parties

1.        Plaintiff, Ethical Hunting, LLC, ("Ethical Hunting") is an Illinois Limited Liability Company with its principal place of business in Sugar Grove, Illinois.

2.        Defendant, Bayou Laser Engraving, LLC is, on information and belief, a Louisiana Limited Liability Company.

3.        Defendant Sudie Lou, also known as Sudie Lorance, d/b/a Harplynn Junkie is, on information and belief, an individual residing in Murfreesboro, Tennessee.

4.        Defendant Katherine Johnson, also known as Katie, d/b/a KatieCompany is, on information and belief, an individual residing in Hayward, Wisconsin.

5.        Defendant Ashley Lenzi Farris, d/b/a aMixOfFun is, on information and belief, an individual residing in Anna, Texas.

6.        Defendant Amy Kleist, d/b/a KleistBoards is, on information and belief, an individual residing in Hanna, Indiana.

7.        Defendant Carrie Surratt, d/b/a Mezoozah is, on information and belief, an individual residing in Taylor, Texas.

8.        Defendant Wooden Signs Company, LLC is, on information and belief, a South Carolina Limited Liability Company.

## Jurisdiction and Venue

9.        This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1338(a) as this case arises under the Copyright Laws of the United States.

2

10.     This Court has personal jurisdiction over all of the Defendants as all Defendants offer infringing products for sale within the State of Illinois and all of the Defendants have sold infringing products into the State of Illinois.

11.     Venue properly lies in the District to 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events giving rise to these claims occurred in the District, and a number of key witnesses reside in, or close to, the District.

## Background

12.     In 1997, Scott Elliott ("Elliott") devised a short prayer dedicated to ethical hunting.

13.     The aforementioned prayer embodied Elliott's view of hunting, which recognizes the joy that hunting brings to many sportsmen, while acknowledging and seeking to minimize the pain caused to prey animals.

14.     Elliott then produced a writing of the complete prayer, and registered the same under the title "Deer Hunters Prayer" (henceforth "the Work") with the United States Copyright Office.  *See* Certificate of Registration, TXu 812-584, attached hereto as Exh. 1.

15.     After registering the Work, Elliott then set about attempting to commercialize it. In particular, Elliott established a business whereby he manufactured wooden plaques with the Work written thereon, and sold those to others directly and over the Internet.

16.     Shortly after Elliott started selling his plaques, other sellers began using the Work on their products.

17.     Elliott contacted a number of these sellers, notified them of his copyright, and asked them to stop selling products that incorporated the Work.

18.     Many of the sellers contacted by Elliott ceased selling products that incorporated the Work.  However, others simply ignored him, and continued to sell products incorporating the Work.

19.     On or about March 16, 2015, Elliott formed Ethical Hunting, LLC to once again commercialize his rights in the Work.

20.     Elliott assigned the copyright for the aforementioned prior, including the Copyright Registration, to Ethical Hunting, LLC.

21.     Since forming Ethical Hunting, LLC, Elliott been producing plaques, and has licensed the Work for reproduction.  Licensed products incorporating the Work are now carried by, for example, Cabela's Inc. of Nebraska.

## Count 1 – Copyright Infringement

22.     All of the Defendants sell products online, either through their own websites, or through community sites, such as eBay or *Etsy*.

23.     All of the Defendants have sold products that incorporate the Work.

24.     None of the Defendants have licensed the Work through Elliott or Ethical Hunting, LLC.

25.     All of the Defendants reserve for themselves and exercise significant control over the development, design, manufacturing, marketing, and sales of their products, including those products incorporating the Work.

26.     All of the Defendants derive financial benefit from sale of products incorporating the Work.

27.     As the Defendants are manufacturing, offering for sale, selling, publishing, and distributing products incorporating the Work, and, as the Defendants are not licensed, they are infringing upon Plaintiff's exclusive rights in the Work.

28.     All of the Defendants are manufacturing, offering for sale, selling, publishing, and distributing products incorporating the Work with knowledge that the Work is a copyrighted work of Elliott.

29.     All of the Defendants are manufacturing, offering for sale, selling, publishing, and distributing products incorporating the Work with reckless disregard of Ethical Hunting's Copyright in the Work.

30.     Defendants' infringement has harmed Plaintiff, which has suffered and sustained an economic injury.

WHEREFORE, Plaintiff, Ethical Hunting, LLC, prays that this Court enter judgment in favor of Plaintiff and against Defendants finding that Defendants have infringed Plaintiff's exclusive rights in the Work "Deer Hunters Prayer" and ordering as follows:

A.      That Defendants have infringed Ethical Hunting's Copyright in the Work;

B.      That Defendants' infringement of Ethical Hunting's Copyright in the Work is willful;

C.      That Defendants be required to destroy all products, advertisements, and other goods that incorporate the Work, or turn those over to Plaintiff, at Plaintiff's sole discretion;

D.      The Defendants be required to pay to Plaintiff actual or statutory damages at Plaintiff's election have Defendants have infringed Plaintiff's copyrighted work, as per 17 U.S.C. § 504;

E.      That this Court award Plaintiff attorneys fees and costs as per 17 U.S.C. § 505;

F.      That this Court order Defendants to cease any and all infringement of Plaintiffs'

copyright in the Work; and

G.      That the Court grants all other relief as is reasonable to remedy Defendants'

wrongful acts by any mean, either at law or in equity.

**Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Ethical Hunting, LLC

hereby demands a jury trial on all issues triable by jury.

ETHICAL HUNTING, LLC

Date:   November 10, 2015                    By:     /s/ Konrad Sherinian
                                                     An attorney for plaintiff

Attorneys for Plaintiff Ethical Hunting, LLC

Konrad Sherinian
E-Mail:  ksherinian@sherinianlaw.net
Depeng (Edward) Bi
E-Mail:  ebi@sherinianlaw.net
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone:  (630) 318-2606
Facsimile:  (630) 364-5825